■■■ Kenneth C. Burnham, Respondent, v F. Eugene Romano et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In his complaint, plaintiff sets forth causes of action for specific performance, money damages for breach of contract, and for reasonable value of services performed, all in connection with the purchase of property known as the Clearfork Mobile Home Park. The

contract plaintiff relies upon, as stated in his complaint and bill of particulars, is contained in a memorandum of intent prepared by him, which provided that plaintiff was to generate potential real estate investment opportunities; that the equity investment was to be "as deemed appropriate by [defendant Eugene] Romano on a property specific basis"; and that "[g]enerally 10% [to] 12% of equity investment [was] to be split 50%/50% between Romano and Burnham."

In his examination before trial, plaintiff admitted that there was no discussion between the parties concerning the percentage of ownership that plaintiff was to receive in the Clearfork Mobile Home Park. Also, there is no showing of any agreement concerning the amount of investment that each party was to make in the property. Thus, because there was no agreement between the parties upon all of the essential terms of a contract concerning the acquisition of the Clearfork property, plaintiff has no cause of action for specific performance or for breach of contract. Because there was no agreement, express or implied, that plaintiff be paid for the reasonable value of his services in connection with his investigation of any of the properties he presented to defendants, he has no cause of action for the reasonable value of his services. The memorandum of intent contains no such agreement; the substance of the memorandum was that, if the parties reached an agreement on a specific property, he would be entitled to acquire an interest in that property upon payment of his agreed percentage of the investment.

Plaintiff's fourth cause of action is based upon his expenditure of $690, which he alleges defendants agreed to pay. Defendants have failed to show their entitlement to summary judgment dismissing this cause of action.

The fifth cause of action is for breach of contract for removal of plaintiff as officer in various corporations formed by the parties. Because there was no agreement in writing and signed by the parties to retain plaintiff as an officer of those corporations, plaintiff has no cause of action for his removal (see, Business Corporation Law § 620 [a]).

Thus, we modify the order appealed from by granting summary judgment dismissing the first, second, third and fifth causes of action. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present —Boomer, J. P., Pine, Lawton, Fallon and Doerr, JJ.